UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA

| | |
|---|---|
| BERNARD BECHARD, | Civil Action No.: _____ |
| Plaintiff, | |
| v. | |
| AARGON AGENCY, INC., | COMPLAINT |
| Defendant. | |

For this Complaint, the Plaintiff, BERNARD BECHARD, by undersigned counsel, states as follows:

## JURISDICTION

1. This action arises out of Defendants' repeated violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et seq. ("FDCPA"), and the harassment of Plaintiff by the Defendant and its agents in their illegal efforts to collect a consumer debt.

2. Supplemental jurisdiction exists pursuant to 28 U.S.C. § 1367.

3. Venue is proper in the U.S. District Court for the District of Nevada pursuant to 28 U.S.C. § 1391(b), as Defendant transacts business in the State of Nevada.

## PARTIES

4. The Plaintiff, BERNARD BECHARD ("Plaintiff"), is an adult

individual residing in Las Vegas, Nevada, and is a "consumer" as the term is defined by 15 U.S.C. § 1692a(3).

5. Plaintiff was at all times herein above the age of sixty-five (65).

6. Plaintiff was a Veteran of the U.S. Armed Forces.

7. Defendant AARGON AGENCY, INC. (doing business as Aargon Collection Agency) (hereinafter "AARGON"), is doing business in the State of Nevada as a business entity operating as a collection agency, and is a "debt collector" as the term is defined by 15 U.S.C. § 1692a(6).

8. AARGON holds an active "Collection Agency" license with the Nevada Department of Business and Industry Division of Financial Institutions ("FID"), license is No. CA10056.

9. Does 1-10 (the "Collectors") are individual collectors employed by AARGON and whose identities are currently unknown to the Plaintiff. One or more of the Collectors may be joined as parties once their identities are disclosed through discovery.

10. AARGON at all times acted by and through one or more of the Collectors.

## ALLEGATIONS APPLICABLE TO ALL COUNTS

### A. The Debt

11. Plaintiff allegedly incurred a financial obligation (the "Debt") to the

Las Vegas Housing Authority (the "Creditor") on or about May 14, 2013. This Debt was for a one year mobile home lease for low income housing.

12. The Debt arose from services provided by the Creditor which were primarily for family, personal or household purposes and which meets the definition of a "debt" under 15 U.S.C. § 1692a(5).

13. The Debt was purchased, assigned or transferred to AARGON for collection, or AARGON was employed by the Creditor to collect the Debt.

14. The Defendants attempted to collect the Debt and, as such, engaged in "communications" as defined in 15 U.S.C. § 1692a(2).

B. **AARGON Engages in Harassment and Abusive Tactics**

15. Plaintiff entered into a residential lease agreement with the Las Vegas Housing Authority (the "Creditor") on or about May 14, 2013 (the "Lease").

16. The Lease term commenced on or about July 31, 2013 and ended on June 30, 2014 (the "Lease Term").

17. Plaintiff paid $250 security deposit for the Lease.

18. During the Lease Term Plaintiff endured break-ins to his vehicle in his carport located on the Leased Property. Further, Plaintiff's Leased Property was frequently littered with lit cigarettes, and the Plaintiff suffered an attempted break-in to his Leased Property during the Lease Term.

19. Moreover, numerous non-residents of the Leased Property routinely

trespassed on the Plaintiff's Leased Property, which also caused the Plaintiff significant distress.

20. The Plaintiff brought these issues to the Lease Property manager's attention on multiple occasions. In specific, Plaintiff informed "Rochelle" and "Amanda" at the Creditor's property management office of these recurring problems. However, no reasonable actions were taken to address the Plaintiff's concerns.

21. Plaintiff made all payments under the lease though May 1, 2014 at which time he was in a financial position to move out of the Leased Property.

22. Pursuant to the Lease Terms entered into between the Plaintiff and Creditor, the Plaintiff had "the option to terminate the fixed term lease upon giving thirty (30) day notice and payment (at the time of giving notice) of one month's rent along with any and all concessions at move in must be repaid".

23. On or about May 1, 2014, Plaintiff gave thirty days written notice of his right to terminate the Lease with the Creditor (the "Lease Termination").

24. At the Lease Termination plaintiff also paid Creditor, through its representative Rochelle, one month's rent.

25. Plaintiff additionally provided written notice of termination to Rochelle, who was the property manager for the Creditor.

26. Plaintiff hand delivered his Lease Termination to Rochelle on this

4

same date.

27. Plaintiff then moved out of the Leased Property within two weeks (more than two weeks before he was required to move pursuant to the Lease Termination).

28. Plaintiff also discovered that almost immediately after moving from the Leased Property (in May 2014), Creditor acquired a new resident to move in to Plaintiff Leased Property within days of the Lease Termination filling the Leased Property with a new tenant before June 2014.

29. For several months the Plaintiff believed this ordeal was behind him.

30. However, in May 2015, plaintiff attempted to lease another residence from Palm Mobile Home Park ("Palm").

31. Palm advised the Plaintiff that he did not qualify for a residential lease "because of a collections account on" the Plaintiff's credit report.

32. Specifically, Palm advised that there was a collection account for Las Vegas Housing Authority (HUD) and Aargon Agency, Inc. a collection agency collecting for Las Vegas Housing Authority, on the Plaintiff's credit reports.

33. Plaintiff then obtained his credit reports and identified the collection accounts reported by Aargon and HUD.

34. Since the Plaintiff did not owe a debt to Creditor, in May 2015, Plaintiff made a phone call to Aargon at the phone number reported by Aargon in

the Plaintiff's consumer report to dispute the Debt.

35. When the Plaintiff called Aargon to dispute the debt he was connected to an Aargon representative.

36. Aargon's representative identified himself as "Nick".

37. Nick said he was "busy" and requested Plaintiff's phone number to call him back.

38. Nick thereafter called the Plaintiff's cell phone and communicated to the Plaintiff that he owed $714 for the Debt and to pay it to his collection agency.

39. Plaintiff orally disputed the Debt and advised Nick that the Plaintiff did not owe this money to Creditor.

40. Nick then berated the Plaintiff and communicated to the Plaintiff:

> **"You are a deadbeat!**
>
> **You people are all like this.**
>
> **You owe this money to us."**

41. Since it was clear to the Plaintiff that Aargon was not taking his dispute seriously and he needed this issue resolved for credit purposes the Plaintiff believed the only way to get this behind him was to pay the disputed Debt.

42. Plaintiff, who was angered and frightened after this degrading outburst and wanted to avoid future abuse from Aargon offered Nick $500 to satisfy the Debt.

43. Disturbed by this communication exchange with Aargon, Plaintiff sought advice of counsel.

44. On June 15, 2015, Nick communicated with the Plaintiff and said Aargon was willing to accept $514.00 in satisfaction of the Debt.

45. Plaintiff advised Nick that he was now represented by an attorney and would have to discuss this offer with his attorney before agreeing to pay this amount. The call terminated thereafter.

46. On June 17, 2015 at 2:45 PM, Aargon placed another call to the Plaintiff to collect the Debt even through Aargon was aware Plaintiff was represented by an attorney.

47. At this time, Plaintiff also obtained his credit reports on June 17, 2015 to confirm that the Aargon account was noted as "disputed", subsequent to his oral dispute with Aargon in May 2015.

48. However, Aargon failed to report that the account was "disputed" in the Plaintiff's June 17, 2015 credit reports.

49. Again, on June 19, 2015, Aargon, through Nick, communicated with the Plaintiff by calling his cell phone yet again. During this communication the Plaintiff again advised Nick that he is represented by an attorney and terminated the call after providing his attorney's information.

50. Again, on June 19, 2015 at approximately 3:00 PM, Aargon placed

7

attempted to communicate with the Plaintiff by calling his cell phone. The Plaintiff, again (for the 3rd time) instructed Aargon to direct all communications to his counsel's office.

51. This lawsuit results.

## C. Plaintiff Suffered Actual Damages

52. The Plaintiff has suffered and continues to suffer actual damages as a result of AARGON's unlawful conduct.

53. As a direct consequence of AARGON's acts, practices and conduct, the Plaintiff suffered and continues to suffer from humiliation, anger, anxiety, emotional distress, fear, frustration and embarrassment.

54. Plaintiff has also contemplated filing bankruptcy as a result of Defendant's illegal conduct to stop harassing calls in the future.

## D. Respondeat Superior Liability

55. The acts and omissions of AARGON, and the other debt collectors employed as agents by AARGON who communicated with Plaintiff as more further described herein, were committed within the time and space limits of their agency relationship with their principal, Defendant AARGON.

56. The acts and omissions by AARGON and these other debt collectors were incidental to, or of the same general nature as, the responsibilities these agents

were authorized to perform by AARGON in collecting consumer debts.

57. By committing these acts and omissions against Plaintiff, AARGON and these other debt collectors were motivated to benefit their principal, Defendant AARGON.

58. AARGON is therefore liable to Plaintiff through the Doctrine of Respondeat Superior for the intentional and negligent acts, errors, and omissions done in violation of state and federal law by its collection employees, including but not limited to violations of the FDCPA and Nevada tort law, in their attempts to collect a debt from Plaintiff.

## COUNT I
## VIOLATIONS OF THE FDCPA - 15 U.S.C. § 1692, et seq.

59. The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

60. The Defendants' conduct violated 15 U.S.C. § 1692c(a)(2) in that Defendant contacted the Plaintiff after it knew Plaintiff was represented by an attorney.

61. The Defendants' conduct violated 15 U.S.C. § 1692d in that Defendants engaged in behavior the natural consequence of which was to harass, oppress, or abuse the Plaintiff in connection with the collection of a debt. Specifically, by calling the Plaintiff a "**deadbeat**" among other things.

62. The Defendants' conduct violated 15 U.S.C. § 1692e in that Defendants engaged in false, deceptive or misleading behavior in connection with the collection of a debt.

63. The Defendants' conduct violated 15 U.S.C. § 1692e(2) in that Defendants misrepresented the amount of the Debt owed by Plaintiff and attempted to have Plaintiff pay more than the Debt owed to Creditor. Specifically, the Plaintiff was not obligated to pay the amount AARGON sought to collect.

64. The Defendants' conduct violated 15 U.S.C. § 1692e(5) in that Defendants threatened to take action against the Plaintiff which it could not legally take or did not intend to take in collection of a debt.

65. The Defendants' conduct violated 15 U.S.C. § 1692e(8) in that Defendants communicated or threatened to communicate false credit information, including the failure to communicate that the Debt was "disputed", in an attempt to collect a debt.

66. The Defendants' conduct violated 15 U.S.C. § 1692e(10) in that Defendants employed various false representations and deceptive means to collect a debt.

67. The Defendants' conduct violated 15 U.S.C. § 1692f in that Defendant used unfair and unconscionable means to collect a debt and attempted to humiliate and belittle Plaintiff.

68. The Defendants' conduct violated 15 U.S.C. § 1692f(1) in that Defendants attempted to collect an amount not authorized by the agreement between Plaintiff and Creditor, since AARGON sought to collect an amount which was not due.

69. The foregoing acts and omissions of the Defendants constitute numerous and multiple violations of the FDCPA, including every one of the above-cited provisions.

70. The Plaintiff is entitled to damages as a result of Defendants' violations.

71. The Plaintiff has been required to retain the undersigned as counsel to protect his legal rights to prosecute this cause of action, and is therefore entitled to an award or reasonable attorneys' fees plus costs incurred.

## COUNT II
## HARASSMENT

72. The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

73. AARGON, through the course of conduct identified herein, has harassed, badgered, annoyed, and worried the Plaintiff regarding the Debt, in an intentional and/or negligent manner.

74. The Plaintiff has been required to retain the undersigned as counsel to

protect their legal rights to prosecute this cause of action, and is therefore entitled to an award or reasonable attorneys' fees plus costs incurred.

## COUNT III
### (Against All Defendants For Violations of NRS 41.1395)

75. The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

76. Plaintiff is an "older or vulnerable" person as defined by NRS 41.1395.

77. AARGON caused the Plaintiff to suffer injuries as a result of AARGON's illegal conduct.

78. AARGON's actions were willful and unjustified and resulted in causing injuries and mental anguish to the Plaintiff.

79. As a direct and proximate result of AARGON's wrongful conduct, Plaintiff suffered damages.

## PRAYER FOR RELIEF

**WHEREFORE**, the Plaintiff prays that judgment be entered against the Defendants awarding the Plaintiff:

1. for actual damages including, but not limited to, the emotional distress

the Plaintiff has suffered (and continues to suffer) as a result of the intentional, reckless, and/or negligent FDCPA violations pursuant to 15 U.S.C. § 1692k(a)(1);

2. for statutory damages of $1,000.00 pursuant to 15 U.S.C. §1692k(a)(2)(A);

3. for punitive damages;

4. for any remedies available under NRS 41.1395; and

5. for any other and further relief that the Court may deem just and proper.

**TRIAL BY JURY DEMANDED ON ALL COUNTS**

Dated: June 22, 2015

Respectfully submitted,

By /s/David H. Krieger, Esq.

David H. Krieger, Esq.
Nevada Bar No. 9086
HAINES & KRIEGER, LLC
8985 S. Eastern Avenue, Suite 350
Henderson, Nevada 89123
Phone: (702) 880-5554
FAX: (702) 385-5518
Email: dkrieger@hainesandkrieger.com

Attorney for Plaintiff
*BERNARD BECHARD*

## **VERIFICATION OF COMPLAINT AND CERTIFICATION**

STATE OF NEVADA            )
                           ) ss
COUNTY OF CLARK            )

Plaintiff BERNARD BECHARD, having first been duly sworn and upon oath, deposes and says as follows:

1. I am a Plaintiff in this civil proceeding.
2. I have read the above-entitled civil Complaint prepared by my attorneys and I believe that all of the facts contained in it are true, to the best of my knowledge, information and belief formed after reasonable inquiry.
3. I believe that this civil Complaint is well grounded in fact and warranted by existing law or by a good faith argument for the extension, modification, or reversal of existing law.
4. I believe that this civil Complaint is not interposed for any improper purpose, such as to harass any Defendant(s), cause unnecessary delay to any Defendant(s), or create a needless increase in the cost of litigation to any Defendant(s), named in the Complaint.
5. I have filed this civil Complaint in good faith and solely for the purposes set forth in it.
6. Each and every exhibit I have provided to my attorneys which has been attached to this Complaint is a true and correct copy of the original.
7. Except for clearly indicated redactions made by my attorneys where appropriate, I have not altered, changed, modified, or fabricated these exhibits, except that some of the attached exhibits may contain some of my own handwritten notations.

_____
BERNARD BECHARD, Plaintiff